IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONTE INGRAM, #550-827                *   Civil Action Case No. WDQ-11-2592
Plaintiff                             *
                                      *
v.                                    *
                                      *
KERAN WETSTONE, CO II, et al.         *
Defendants                            *

## MEMORANDUM

Monte Ingram, an inmate confined at North Branch Correctional Institution complains that he was given a cold meal bag with only a carrot in it. He claims that he was not provided a substitute meal when he complained. He asks for $35,000 damages and to be transferred to another facility.

Pursuant to 28 U.S.C. § 1915(e)(2), the court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The court is also mindful that it is charged with liberally construing the complaints filed by self-represented litigants to allow them to fully develop potentially meritorious cases. See *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir.1990). After due consideration, the court will dismiss this case for failure to state a claim upon which relief can be granted.

In order to state a claim under the Eighth Amendment for cruel and unusual living conditions, the conditions alleged must rise to the level of a deprivation of a basic human need

such as food, warmth, or exercise. *See Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991). Prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An inmate complaining about prison conditions must show that the challenged conditions resulted in a serious deprivation of a basic human need which, in turn, resulted in serious or significant physical or mental harm. *See Strickler v. Waters*, 989 F.2d 1375 (4th Cir.1993).

Ingram is alleging that he missed one or two meals. He does not allege any serious harm as a result. Occasional, short-lived problems with prison food service and isolated instances of inmates missing a meal or two do not implicate the Eighth Amendment. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir.1985). There is no harm of constitutional magnitude alleged and the case will be dismissed by separate order.

9/20/11
Date

William D. Quarles, Jr.
United States District Judge